# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1281

_____

| | |
|---|---|
| AMERICAN FEDERATION OF MUSICIANS, Local 2-197, AFL-CIO, | * <br> * <br> * <br> * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| THE ST. LOUIS SYMPHONY SOCIETY, | * <br> * <br> * <br> * |
| Defendant - Appellee. | * |

_____

Submitted: December 15, 1999
Filed: February 16, 2000

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and MELLOY,[1] District Judge.

_____

Melloy, District Judge.

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

Appellant American Federation of Musicians, Local 2-197, AFL-CIO ("the Union") brought an action in the district court[2] to compel Appellee Saint Louis Symphony Society ("the Symphony") to arbitrate a grievance pursuant to the parties' collective bargaining agreement. After the district court granted the Union's motion for summary judgment, the Union moved for attorneys' fees. Finding that neither party acted in bad faith, the district court denied the motion. The Union appeals only the district court's decision to deny attorneys' fees. For the following reasons, we affirm the judgment of the district court.

I

Louis Kampouris was hired as a violinist by the Symphony in 1949. On September 2, 1997, Kampouris reported to Powell Hall to rehearse and perform with the Symphony. The Symphony's Director of Orchestra Personnel informed Kampouris that he could no longer rehearse or perform with the orchestra. The Symphony discontinued Kampouris' salary and benefits.

Pursuant to the collective bargaining agreement, the Union filed a grievance to protest the Symphony's actions and requested a panel of arbitrators from the Federal Mediation and Conciliation Service ("FMCS"). On November 19, 1997, the FMCS submitted to the Symphony and the Union a panel of seven potential

_____

[2]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, sitting with the consent of the parties pursuant to 28 U.S.C. § 636(c) (1999).

2

arbitrators.[3] The Symphony promptly objected to the panel because several of the seven potential arbitrators resided outside the St. Louis metropolitan area, designated as Area 60. Believing that an out-of-town arbitrator constituted an unnecessary expense, the Symphony proposed that the parties request a new panel of arbitrators from FMCS limited to Area 60. The Union rejected the Symphony's proposal and filed suit in the district court to compel arbitration from the original panel.

On a motion for summary judgment, the Union asserted that the district court should order the parties to select an arbitrator from the original list provided by the FMCS as provided in the plain language of the collective bargaining agreement. In response, the Symphony asserted that the parties should select an arbitrator from a panel limited to Area 60 because in a past, unrelated grievance, the parties agreed to limit the panel to arbitrators from Area 60. The Symphony maintained that the previous instance in 1996 in which the parties limited the panel to local arbitrators constituted a course of dealing which modified the plain language of the collective bargaining agreement.

The district court rejected the Symphony's argument and ruled that nothing in the parties' past conduct exhibited an intent to modify the plain language of the collective bargaining agreement. The district court ordered the parties to select an

---

[3]The collective bargaining agreement provides for selection of an arbitrator from a panel of seven potential arbitrators. Each party alternately strikes an arbitrator from the panel until one individual remains to arbitrate a particular dispute.

arbitrator from the original list submitted by FMCS. After the district court granted the Union's motion for summary judgment, the Union moved for attorneys' fees and costs. The district court denied the motion and stated that neither party acted in bad faith. The Union appeals.

## II

The Union contends that the district court erred when it ruled that neither party acted in bad faith and refused to award attorneys' fees. The Union asserts that the Symphony's refusal to select an arbitrator from the original list because of procedural objections to the composition of the panel was "patently frivolous." In contrast, the Symphony maintains that it refused in good faith to select an arbitrator from the original list because the Union had, in a past dispute, agreed to limit the panel to Area 60 arbitrators.

A district court's decision to deny a motion for attorneys' fees is reviewed for an abuse of discretion. *United Paperworkers Int'l Union v. Champion Int'l Corp.*, 81 F.3d 798, 801-02 (8th Cir. 1996). It is well-settled that attorneys' fees may not be recovered by a prevailing party in the absence of statutory authority. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975). The statutory basis for the instant action, Section 301 of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. § 185 (1999), and in 28 U.S.C. § 1331, does not provide for attorneys' fees. *Actors' Equity Ass'n v. American Dinner Theater Inst.*, 802 F.2d 1038, 1042 (8th Cir. 1986). As a matter of equity, however, a prevailing party may recover fees in an action under § 301 if the losing party has acted in bad

4

faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *United Paperworkers*, 81 F.3d at 801-02.

We find that the district court did not abuse its discretion when it refused the Union's motion for attorneys' fees. The Symphony's position that the 1996 agreement to limit arbitrators to metropolitan St. Louis constituted a past practice that modified the plain language of the collective bargaining agreement is not unreasonable or implausible. Although the district court rejected the Symphony's position and directed the two parties to select from the original panel, we do not believe that the Symphony argued its position in bad faith. Additionally, even if the Symphony disagreed with the geographical composition of the panel, the Symphony always exhibited an intent to arbitrate under the agreement. Since attorneys' fees should only be awarded for claims that are "frivolous, unreasonable, groundless, or where the party continued to litigate after it clearly became so," *American Dinner Theater*, 802 F.2d at 1042 (internal citations omitted), the district court did not abuse its discretion.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5