# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2410

_____

State of Nebraska, ex rel Don Stenberg,     *
Attorney General of the State of     *
Nebraska,     *
    *
      Appellant,     *
    *
City of Grand Island,     *
    *
      Plaintiff,     *  Appeal from the United States
    *  District Court for the
      v.     *  District of Nebraska.
    *
United States of America;     *
Environmental Protection Agency;     *
Carol M. Browner, Administrator of the     *
United States Environmental Protection     *
Agency,     *
    *
      Appellees.     *

_____

Submitted: December 15, 2000
Filed: February 1, 2001

_____

Before LOKEN and MAGILL, Circuit Judges, and BATTEY,[1] District Judge.

_____

[1]THE HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

MAGILL, Circuit Judge.

The State of Nebraska and the City of Grand Island, Nebraska (together, "Nebraska"), filed suit in district court[2] against the United States, the Environmental Protection Agency (the "EPA"), and EPA Administrator Carol M. Browner, seeking a declaration that the Safe Drinking Water Act (the "Act"), 42 U.S.C. §§ 300f - 300j (2000), is unconstitutional because it exceeds Congress's powers under the Commerce Clause and violates the non-delegation doctrine and the Tenth Amendment. The district court dismissed the suit for lack of subject matter jurisdiction, holding that 42 U.S.C. § 300j-7 requires suits "pertaining to the establishment of national primary drinking water regulations" to be filed within forty-five days of issuance of the regulations in the United States Court of Appeals for the D.C. Circuit. Nebraska appeals, and we affirm.

**I.**

The Safe Drinking Water Act requires the EPA to adopt regulations to prevent contamination of public water systems. 42 U.S.C. § 300g-1. The EPA drafts national primary drinking water regulations that establish the procedures necessary to treat contaminants that pose an adverse effect on human health. Id. at § 300f(1); see also American Water Works Ass'n v. EPA, 40 F.3d 1266, 1269 (D.C. Cir. 1994). At issue in this case are the EPA's regulations for lead and copper (the "Lead and Copper Rule"), which became effective in December 1992. See 40 C.F.R. § 141.80-.91 (2000). The Lead and Copper Rule establishes a treatment technique that requires public water systems to monitor the levels of lead and copper at consumers' taps. If lead and copper levels are too high, the public water system must treat the water to reduce its corrosivity, thereby minimizing the lead and copper in the water. Id. at

---

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

§ 141.81-.89.

A.    Nebraska I

In July 1998, Nebraska filed suit in district court against the United States, the EPA, and EPA Administrator Carol M. Browner, seeking a declaration that the Act and the Lead and Copper Rule violated the Commerce Clause and the Tenth Amendment. On May 19, 1999, the district court granted Appellees' motion to dismiss, holding that under § 300j-7, the United States Court of Appeals for the D.C. Circuit has exclusive jurisdiction over Nebraska's claims.

B.    Nebraska II

In September 1999, Nebraska, now joined by the City of Grand Island, again sought a declaratory judgment, this time alleging that the Act is unconstitutional as applied to two public water facilities in Nebraska, the Lincoln Regional Center and the City of Grand Island, because it exceeds Congress's powers under the Commerce Clause and violates the non-delegation doctrine and the Tenth Amendment. On April 4, 2000, the district court granted Appellees' motion to dismiss, holding that § 300j-7 requires suits "pertaining to the establishment of national primary drinking water regulations" to be filed within forty-five days of issuance of the regulations in the D.C. Circuit. The court stated:

> Stripping the complaint of references to the EPA's implementing regulations does not change the result. A plaintiff bringing an 'as applied' challenge contends that the statute would be unconstitutional under the circumstances in which the plaintiff has acted or proposed to act. Because the [Act] is not self-implementing, Plaintiffs' 'as-applied' challenge necessarily implicates the EPA regulations or other final agency action. Plaintiffs cannot challenge only the constitutionality of the statutory scheme. (citations omitted).

Nebraska appeals the district court's April 4 decision.

## II.

The district court's ruling is reviewed de novo. Gilbert v. Monsanto Co., 216 F.3d 695, 699 (8th Cir. 2000). Nebraska argues that the district court erred in holding that § 300j-7 restricts jurisdiction over this case to the United States Court of Appeals for the D.C. Circuit. Section 300j-7 provides:

> A petition for review of-
>
> (1) actions pertaining to the establishment of national primary drinking water regulations (including maximum contaminant level goals) may be filed only in the United States Court of Appeals for the District of Columbia circuit; and
>
> (2) any other action of the Administrator under this chapter may be filed in the circuit in which the petitioner resides or transacts business which is directly affected by the action.
>
> Any such petition shall be filed within the 45-day period beginning on the date of the promulgation of the regulation or any other final Agency action with respect to which review is sought or on the date of the determination with respect to which review is sought.

Nebraska claims that it is only attacking the Act and is not attacking a "final Agency action" under § 300j-7. Therefore, Nebraska argues, it should be able to proceed in a Nebraska federal district court under general federal question jurisdiction.

In holding that it was without jurisdiction to hear Nebraska's claim, the district court relied on Virginia v. United States, 74 F.3d 517 (4th Cir. 1996), and Missouri v. United States, 109 F.3d 440 (8th Cir. 1997). In Virginia, the Fourth Circuit held that

the Clean Air Act precluded the district court from exercising jurisdiction over a complaint filed by Virginia that challenged the constitutionality of various provisions of the Clean Air Act. The Clean Air Act's judicial review provision provides that a petition for review of any "final action of the [EPA] Administrator . . . may be filed only in the United States Court of Appeals for the appropriate circuit." 42 U.S.C. § 7607(b)(1). Despite this provision, Virginia sought to proceed in district court under general federal question jurisdiction, arguing that its action was directed at the Clean Air Act itself rather than any final EPA action. See Virginia, 74 F.3d at 522. The Fourth Circuit rejected Virginia's attempt to cast its complaint as being directed solely against the constitutionality of the Clean Air Act and not against the Act's implementing regulations, stating that "although [Virginia] seeks a ruling that certain parts of the [Clean Air Act] are unconstitutional, the practical objective of the complaint is to nullify final actions of [the] EPA." Id. at 523. Thus, the court's holding prevented Virginia from evading the Act's requirement that challenges to "final Agency action" be brought directly to a federal court of appeals.

Similarly, in Missouri, the state of Missouri brought suit in district court, arguing that the Clean Air Act and certain actions of the EPA Administrator interpreting the Clean Air Act were unconstitutional. 109 F.3d at 441. This Court, following the Fourth Circuit's decision in Virginia, rejected Missouri's reasoning that it could proceed in district court because it sought to challenge the constitutionality of the Clean Air Act and not just the actions of the EPA. See id. at 442. We instead ruled that Missouri's challenge to the Clean Air Act could not be completely separated from the EPA's actions, thereby preventing Missouri from evading the Clean Air Act's jurisdictional requirement that lawsuits challenging "final Agency action" be brought directly to the court of appeals. See id.

As in Virginia and Missouri, Nebraska's suit challenging the constitutionality of the Act is not independent of the EPA's implementing regulations. In Nebraska I, Nebraska challenged the Lead and Copper Rule. After the district court dismissed

-5-

Nebraska I for lack of jurisdiction, Nebraska filed suit again, only this time omitting references to the EPA's implementing regulations and instead casting its complaint as an "as-applied" challenge to the Act itself. However, the Act is not self-executing; rather, it is applied through EPA regulations. See 42 U.S.C. § 300g-1(b)(1)(A) (requiring the EPA to promulgate national public drinking water regulations). Therefore, Nebraska's challenge to the Act as applied to the public water facilities at the Lincoln Regional Center and the City of Grand Island necessarily implicates the EPA's regulations.

## III.

We AFFIRM the district court's dismissal of Nebraska's suit because § 300j-7 required Nebraska to bring its suit in the United States Court of Appeals for the D.C. Circuit.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.