**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BUDDY R. CARTER, JR.; ROBERT H.
ALBERS; ROBERT SHANE ALBERS;
GEORGE E. AYTES, JR.; REGINALD N.
BARNES; WALTER E. BARRINEAU;
HAROLD EDDIE BATH, JR.; HOWARD
BAZEMORE; THEODORE M. BENKE;
HARRY E. BRABHAM; JAMES
WOODROW BLUME; BOBBY BROWN;
RUFUS BROWN; JOHN R. CAMMER,
JR.; RONALD R. CAMPBELL; ARTHUR
CHRISTOPHER, JR.; MICHAEL L.
COFFEY; WILLIAM E. COLON, SR.;
BRIAN T. CONLEY; ROBERT DEAL;
MAGGI M. DELAMAIER; WILLIAM C.
DERRICK; JACK DETOUTNILLON; JAMES
A. DRAYTON; RONALD DROZE, SR.;
EUGENE ALLEN DUBOSE; JAMES
EAGLE; BLAKE M. FAGAN, JR.;
DWAYNE FELDER; MICHAEL FUSARI;
ELMORE GOODWIN, JR.; MILTON B.
GREEN; ANTHONY M. GREENE; JACK
GREENE; HARRY E. GRIFFIN; CHARLES
M. HAAS; MARK R. HAIGHT;
WILLIAM HAMILTON; RALEIGH B.
HAMMET; MICHAEL E. HANUSCIN;
RICHARD HARRISS; MARVIN D.
HERNDON; ROBERT W. HESS, SR.;
DAVID B. HOLMES, JR.; DAVID B.
HOLMES, SR.; TYRONE HOLMES; JOHN
HUTCHINSON; DALE P. JENKINS; DAVID
KINLOCH; MATTHEW KINSEY; BRYAN
E. KLESKIE; RICHARD L. KOGER;

No. 00-2302

M. TRAVIS LEE; CHARLES E. MACK;
BRYAN S. MARKHAM; PHILIP C.
MCCLELLAN, JR.; ERNEST D.
MCELVEEN; AUGUST W. MEYER;
JAMES C. NEILSON; EMORY W. NIX;
ALFRED W. PARISH; KENNETH E. VAN
PATTON; JAMES C. PHILLIPS, JR.; JOHN
T. POSTON; ROGER L. PRITCHARD;
JOSEPH C. ROBERTS; ERIC ST. MARK
RUSSELL; PETER A. SALVO; MARK
SCHAPER; DANIEL G. SCHULKEN;
HERBERT J. SHIER; RONNIE SHIER;
JOSEPH SIMMONS; JOE SINGLETON;
DAVID E. SMITH; LOUIS MATTHEU
SMITH; DAVID B. SUGGS; WILLIAM L.
TAYLOR; ANTHONY A. VANDROSS;
JAMES S. VANSANT, JR.; HENRY
WASHINGTON; RICHARD L. WILLIAMS;
JERRY WINN; JOHN WINN; CHARLES
WRIGHT; ROGER L. YON, SR.; HARRY
W. BEAN, III; MARK COLEMAN; W. J.
DOUAN; RAYMOND O. SIMMONS;
DARRELL I. SINGLETON, SR.; LEONARD
E. STUTTS, SR.; MAJOR A. HOLLINS;
THOMAS O. BUELL; DAVID E.
CROVETTI; WILLIAM JACKSON;
WILLIAM D. JOHNSON; WILLIAM H.
JONES; EDWARD W. MITCHELL;
WAYNE SCHOFIELD; WAYNE CALVIN
SMITH; GARY D. TAYLOR; THOMAS
WHALEY; TERRY L. WINN,
                    *Plaintiffs-Appellees,*

                         v.

CITY OF CHARLESTON, SOUTH
CAROLINA,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-96-2508-2-18)

Argued: June 4, 2001

Decided: July 5, 2001

Before WILKINS and MOTZ, Circuit Judges, and
Irene M. KEELEY, Chief United States District Judge
for the Northern District of West Virginia,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Allan Riley Holmes, GIBBS & HOLMES, Charleston, South Carolina, for Appellant. Thomas Aquinas Woodley, WOOD-LEY, GENSER & MCGILLIVARY, Washington, D.C., for Appellees. **ON BRIEF:** William B. Regan, Frances I. Cantwell, REGAN, CANTWELL & STENT, Charleston, South Carolina, for Appellant. Douglas L. Steele, WOODLEY, GENSER & MCGILLIVARY, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The City of Charleston, South Carolina ("the City") appeals an order of the district court holding it in contempt for violating a settle-

ment agreement with a group of fire fighters (collectively, "the Plaintiffs"). The City contends that its actions resulting in the contempt finding were permissible under the agreement. We affirm.

## I.

In 1996, the Plaintiffs sued the City, alleging violations of the Fair Labor Standards Act ("FLSA"). Among other claims, the Plaintiffs contended that the City had unlawfully classified fire department captains as exempt from FLSA requirements. After the district court granted partial summary judgment in favor of the Plaintiffs, the parties resolved the remaining issues through a settlement agreement ("the Agreement"). As is relevant here, the Agreement provided that "[t]he positions of fire fighter, driver or engineer, and captain shall be considered non-exempt under the FLSA."[1] J.A. 176. The district court approved this settlement and entered judgment accordingly on July 2, 1998.

On March 22, 1999, the City revised its position descriptions and reclassified all fire captains as exempt from FLSA requirements. The Plaintiffs moved for contempt sanctions, alleging that this reclassification violated the Agreement. The district court found the City in contempt and ordered it to reinstate the fire captains' non-exempt status, compensate the fire captains for overtime payments that had been denied since March 22, and pay the Plaintiffs' attorneys' fees and costs. This appeal followed.[2]

## II.

The central issue on appeal is whether the Agreement allows the City to unilaterally modify its employment rules in a manner inconsis-

---

[1]The Agreement covered the named Plaintiffs and did not apply to future employees.

[2]Although the order appealed from did not specify the amounts of back pay, attorneys' fees, and costs owed by the City, we may exercise jurisdiction in light of the parties' stipulation at oral argument that these computations are merely ministerial and will not result in another appeal. *See Apex Fountain Sales, Inc. v. Kleinfeld*, 27 F.3d 931, 935-36 (3d Cir. 1994).

tent with the Agreement. We hold that the City may not deviate from the Agreement except with the consent of the Plaintiffs or through action of the district court pursuant to Federal Rule of Civil Procedure 60(b).

In interpreting a settlement agreement, we are "guided by general rules of contract construction." *Gilbert v. Monsanto Co.*, 216 F.3d 695, 700 (8th Cir. 2000) (internal quotation marks omitted). Accordingly, we "must first resort to the contract language to determine the intention of the parties." *FDIC v. Prince George Corp.*, 58 F.3d 1041, 1046 (4th Cir. 1995). We will consider extrinsic evidence of the parties' intent only if the contractual language and the canons of interpretation yield an ambiguous result. *See id.*

Here, we find it unnecessary to look beyond the plain language of the Agreement. The Agreement expressly provides that the "position[ ] of . . . captain shall be considered non-exempt under the FLSA." J.A. 176. Thus, classifying fire captains as FLSA-exempt contravenes the Agreement.

The City contends, however, that the Agreement authorizes it to revise its employment policies, essentially without limitation. In so arguing, the City relies on the common law principle that contracts of indefinite duration are terminable at will. *See Ctr. State Farms v. Campbell Soup Co.*, 58 F.3d 1030, 1032 (4th Cir. 1995) (per curiam); *id.* at 1039 (Hamilton, Circuit Judge, dissenting) (collecting cases). As the district court noted, however, it would be inequitable to allow the City to invoke this principle because the Plaintiffs have no power to terminate the Agreement; and, when the Plaintiffs entered into the Agreement they irrevocably forfeited substantial claims.

More importantly, the language of the Agreement prevents the City from withdrawing at will. The Agreement provides that the district court "will retain jurisdiction for the purpose of enforcing compliance," J.A. 178, thereby ceding power over amendments and terminations to the district court. This is consistent with the nature of the Agreement. By submitting to the continuing jurisdiction of the district court, the parties implicitly accepted the ordinary rules governing settlement agreements and consent decrees. Under these rules, a party wishing to modify the terms of an agreement must apply to the district

court pursuant to Fed. R. Civ. P. 60(b). The district court, in turn, enjoys broad discretion to determine whether the proposed modification is warranted. *See Boyd v. Bulala*, 905 F.2d 764, 768-69 (4th Cir. 1990) (per curiam). Under the Agreement, these procedures must be followed in order for the City to modify its classification of the fire captains.[3]

### III.

Because the City violated the Agreement by reclassifying the fire captains without approval from the district court, the district court properly held the City in contempt. Accordingly, we affirm.

*AFFIRMED*

---

[3]The City offers two additional arguments in support of its interpretation of the Agreement. The first argument rests on a provision of the Agreement that reserves to each party "in the future[ ] their respective rights, protection and entitlements provided by the FLSA, Department of Labor regulations and the law of South Carolina." J.A. 177. The City's second argument relies on a provision of South Carolina law relating to contracts with local governments. We have carefully examined each of these arguments, and we find neither of them persuasive.