# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2665

_____

| | | |
|---|---|---|
| Hayden & Associates, Inc., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ATY Building Systems, Inc., | * | |
| | * | |
| Defendant, | * | |
| | * | Appeal from the United States |
| Wafa A. Yakhlef, Richard Wright, | * | District Court for the |
| | * | Eastern District of Missouri. |
| Defendants. | * | |
| _____ | * | |
| | * | |
| ATY Building Systems, Inc., | * | |
| | * | |
| Counter Claimant, | * | |
| | * | |
| v. | * | |
| | * | |
| Hayden & Associates, Inc., | * | |
| | * | |
| Counter Defendant/ | * | |
| Appellant, | * | |
| | * | |
| Cumberland Casualty and Surety | * | |
| Company, | * | |
| | * | |
| Counter Defendant/ | * | |
| Appellee. | * | |

_____

Submitted: January 15, 2002

Filed:  May 9, 2002
_____

Before WOLLMAN,[1] Chief Judge, HANSEN, Circuit Judge, and OBERDORFER,[2] District Judge.
_____

WOLLMAN, Chief Judge.

Appellant Hayden & Associates, Inc. (Hayden) appeals the district court's[3] denial for lack of jurisdiction of Hayden's motion to enforce a financing agreement. We affirm.[4]

## I.

On May 1, 1999, Hayden and Cumberland Casualty & Surety Co. (Cumberland), which was Hayden's surety on two of four construction projects that Hayden was involved in at Fort Leonard Wood, Missouri, entered into a financing

---

[1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002.  He has been succeeded by the Honorable David R. Hansen.

[2]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

[3]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

[4]In light of the basis upon which we affirm the district court, we deny Hayden's motion to strike Cumberland's brief.

agreement. The agreement assigned to Cumberland a portion of any recovery that Hayden might achieve in its contemplated suit against ATY Building Systems, Inc. (ATY) in a dispute arising out of the construction projects.

On May 26, 1999, Hayden sued ATY in Missouri state court for ATY's failure to deliver contracted-for metal building components. ATY removed the case to the United States District Court for the Eastern District of Missouri. ATY counterclaimed against Hayden, alleging that it had delivered the components but that Hayden refused to pay. It also sued Cumberland. By order of the district court dated July 28, 2000, and pursuant to a settlement agreement entered into by Hayden, ATY, and Cumberland, ATY deposited $110,000 into the court registry, and the case was dismissed with prejudice.

## II.

Following the dismissal of the lawsuit, a dispute arose between Hayden and Cumberland over the distribution of the settlement proceeds, whereupon Hayden filed a motion to enforce the financing agreement. On March 23, 2001, the district court ruled that because the financing agreement was neither made part of Hayden's suit against ATY nor was included as a part of ATY's counterclaims against Hayden in that action, the court was without jurisdiction to rule on Hayden's motion to enforce the financing agreement. The district court then entered an order transferring the settlement funds in the court's registry from the previously dismissed action between Hayden and ATY to the new action that Cumberland had filed on March 20, 2001, against Hayden seeking an award of the entire amount of the settlement proceeds.

Hayden presents three arguments on appeal. First, Hayden appeals the district court's finding that it does not have jurisdiction over the financing agreement, a determination that we review de novo. Gilbert v. Monsanto Co., 216 F.3d 695, 699 (8th Cir. 2000) (citing Jenisio v. Ozark Airlines, Inc. Ret. Plan for Agent, Clerical

Employees, 187 F.3d 970, 972 (8th Cir. 1999)). Second, Hayden asserts that if we find that the district court has no jurisdiction over the agreement, the entirety of the settlement fund should be paid out to Hayden. Finally, Hayden contends that regardless of the jurisdictional issue, its counsel maintains an attorney's lien in the amount of twenty percent of the settlement fund.

## A.

In Kokkonen v. Guardian Life Insurance Corp. of America, 511 U.S. 375 (1994), the Supreme Court held that enforcement of a settlement agreement by the court with jurisdiction over the underlying dispute was appropriate only where the agreement "had been made part of the order of dismissal . . . ." Id. at 381. The Court stated that this could be accomplished in two ways. First, the court's dismissal order may incorporate the settlement agreement. Second, the court may explicitly retain jurisdiction over the settlement agreement. Id.

We conclude that the district court's order does not incorporate the settlement agreement.[5] Although the order states that the parties "have settled their claims," mere mention of a settlement does not incorporate a settlement agreement into a court order. Miener v. Mo. Dept. of Mental Health, 62 F.3d 1126, 1127-28 (8th Cir. 1995).

Likewise, we conclude that the district court did not explicitly retain jurisdiction over the financing agreement. Although the order of dismissal states that "[t]he Court . . . shall retain jurisdiction over this matter as to resolution of the distribution of funds," that language does not express any intention to exercise

---

[5]Only if the settlement agreement in some way incorporated the financing agreement would Hayden be able to compel enforcement of the financing agreement. Because we find that the court's order does not incorporate the settlement agreement, we need not decide whether the settlement agreement incorporated the financing agreement.

jurisdiction over the financing agreement. At most, it indicates that the court recognized its responsibility to retain jurisdiction over the settlement fund.

## B.

Hayden next argues that even if the district court lacks jurisdiction over the financing agreement, we should direct it to distribute the entire settlement fund to Hayden. Hayden asserts that it retains an exclusive right to the settlement fund because it was the only party that brought claims against ATY. We disagree. Cumberland was properly brought into this case and was a party to settlement negotiations. The settlement agreement specifically states that the money was paid into the registry "for the benefit of [Hayden] and Cumberland." The district court may retain the monies deposited with it until the resolution of Cumberland's pending suit or until such time as the parties come to an agreement.

## C.

Finally, Hayden contends that its counsel is entitled to $22,000 of the settlement fund by operation of Hayden's contract with its counsel. That figure, however, is based upon the forty percent of the settlement fund that Hayden claims it is due under the financing agreement. To award this sum to Hayden's counsel would be tantamount to determining that Hayden is entitled to that percentage under the financing agreement and would constitute an interpretation of the financing agreement on our part that we have found the district court is foreclosed from making in the first instance.

The order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.