MELLOY, Circuit Judge,
Dissenting.
I concur that the state training school qualifies as a correctional facility under the Prison Litigation Reform Act. However, I dissent from that portion of the majority’s opinion which holds the plaintiff class is not a prevailing party. District court approval of a settlement agreement and dismissal with explicit retention of jurisdiction for the purpose of enforcing the agreement serve as the functional equivalent of a consent decree. Accordingly, I would hold the plaintiff class to be a prevailing party under the standard set forth Buckhannon Bd. & Care Home, Inc., v. West Virginia Dep’t of Health & Human Res., 532 U.S. 598, 604-05, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). This conclusion is based, in part, on an underlying determination that the district court enjoys explicitly retained enforcement jurisdiction under the standard set forth in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and that this jurisdiction enables the district court to issue enforcement orders regarding the settlement agreement. See Gilbert v. Monsanto, 216 F.3d 695, 699-700 (8th Cir.2000) (affirming a district court’s ability to expressly retain jurisdiction and order the enforcement of a settlement agreement).
The majority reaches the opposite conclusion for two reasons. First, the majority adopts a reading of Buckhannon that emphasizes the Court’s use of the term consent decree and minimizes reliance on the Court’s generally stated concerns of judicial approval, oversight, and enforcement jurisdiction. Second, the majority fails to acknowledge that Kokkonen expressly sanctioned the use of district court orders as vehicles to enforce settlement agreements in cases where the district courts explicitly retain jurisdiction to enforce the settlement agreements. I address these issues in turn.
I
In Buckhannon, the Court rejected the catalyst theory of prevailing party status and held that for there to be a prevailing party, there must be a “ ‘material alteration of the legal relationship of the parties.’ ” Buckhannon, 532 U.S. at 604-05, 121 S.Ct. 1835 (citing Texas St. Teachers Ass’n v. Garland Indep. Sch. Dist., 489 *996 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The Court further stated that this material alteration of the legal relationship must carry a judicial imprimatur or judicial sanction. Id. at 605, 121 S.Ct. 1835 (“We think, however, the “catalyst theory” falls on the other side of the line from these examples. It allows an award where there is no judicially sanctioned change in the legal relationship of the parties.”).
As examples of the type of action that would convey the necessary judicial imprimatur or sanction, the Court referred to settlement agreements enforced through consent decrees and judgments on the merits. Id. at 604, 121 S.Ct. 1835. As examples of the type of actions that would not convey the necessary imprimatur, the Court referred to non-final victories such as surviving a motion to dismiss for lack of jurisdiction or for failure to state a claim upon which relief could be granted or receiving an interlocutory ruling that reverses a dismissal for failure to state a claim. Id. at 604-05, 121 S.Ct. 1835 (citing Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) and Hanrahan v. Hampton, 446 U.S. 754, 760, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) {per curiam)). The Court rejected the argument that prevailing party status could exist where the successful result was obtained through a private settlement agreement. Id. at 604 and n. 7, 121 S.Ct. 1835.
The facts of Buckhannon provide the clearest example of the absence of a judicial imprimatur. In Buckhannon, legislative action provided the plaintiff its desired relief and mooted the underlying legal claims. Buckhannon, 532 U.S. at 601, 121 S.Ct. 1835. Accordingly, the Court faced a simple dismissal based on mootness following wholly non-judicial relief. The Court did not face a purely private settlement agreement, a settlement agreement with retained enforcement jurisdiction, or a consent decree.
The Court in Buckhannon did not limit the availability of prevailing party status to only those cases resolved through a consent decree or final judgment on the merits. Id. at 604-05, 121 S.Ct. 1835. Rather, the Court set forth criteria to guide the analysis of whether there is a judicially sanctioned, material change in the legal relationship of the parties. Id. As noted above, one of these issues is finality — success on an interlocutory order or survival following a motion to dismiss are insufficient. The Court also emphasized judicial approval, judicial oversight, and enforcement jurisdiction. Id. at n. 7, 121 S.Ct. 1835. In distinguishing a judicially sanctioned change from a change that is reflected merely in a private settlement agreement, the Court stated:
Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.
Id. (citing Kokkonen, 511 U.S. at 379, 114 S.Ct. 1673) (emphasis added).
Importantly, the present case does not involve a mere private settlement agreement. Rather, it involves a settlement agreement with equitable remedies regarding confinement conditions and treatment options at the training school. The district court approved this settlement agreement after a fairness hearing and explicitly retained jurisdiction to enforce the settlement agreement.[7] This retention *997 of enforcement jurisdiction, if properly within the district court’s power, guarantees the judicial oversight required by Buckhannon. As explained below, the retention of enforcement jurisdiction was within the district court’s power. Accordingly, the required finality, approval, oversight and jurisdiction are present, and I find no material basis upon which to distinguish the present case from the situation we would face if the district court had elected to use the words “consent decree” to achieve the identical result.
' II
In denying prevailing party status, the majority distinguishes settlement agreements from consent decrees. Critical to the majority’s analysis is the conclusion that the district court is powerless to enforce a settlement agreement via an enforcement order and that the only potential remedies are an action for breach of contract or reinstatement of the original suit. In so concluding, the majority underestimates the enforcement authority of the district court that accompanies the express retention of jurisdiction.
In Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Court held only that a district court lacked inherent authority to issue an order to enforce a private settlement agreement. The Court stated:
The situation would have been quite different if the parties’ obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision {such as a provision “retaining jurisdiction” over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the order would therefore exist.
Id. (emphasis added). The Court emphasized that the district court had not retained authority over the agreement, “[t]he Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.” Kokkonen, 511 U.S. at 377, 114 S.Ct. 1673. Accordingly, Kokkonen should not be read as a broad prohibition against a district court’s retention of jurisdiction to enforce a settlement agreement via court order. Rather, Kokkonen should be limited to its holding — district courts lack inherent authority to enforce settlement agreements where there is no incorporation of the agreement in the order of dismissal or retention of enforcement jurisdiction.
Citing Kokkonen, the Eighth Circuit has repeatedly recognized the possibility of federal enforcement jurisdiction over a settlement agreement where the district court approves, and expressly retains jurisdiction to enforce, the agreement. See, e.g., Hayden Assoc., Inc., v. ATY Bldg. Sys., Inc., 289 F.3d 530, 532-33 (8th Cir.2002) (citing Kokkonen for the proposition that a settlement agreement may be made part of a district court’s order of dismissal by a provision retaining jurisdiction over a settlement agreement, but holding specifically that the district court was without jurisdiction because it had not explicitly retained jurisdiction over a financing agreement that was ancillary to the settlement agreement); Sheng v. Starkey Labs., Inc., 53 F.3d 192, 193 (8th Cir.1995) (citing Kokkonen, but holding that a district court’s reservation of jurisdiction for “sixty (60) days to permit any party to move to *998 reopen th[e] action, for good cause shown” did not satisfy the general retention of enforcement jurisdiction requirement set forth in Kokkonen)-, Miener v. Missouri Dept. of Mental Health, 62 F.3d 1126, 1127 (8th Cir.1995) (citing Kokkonen, but finding no federal enforcement jurisdiction because “[t]he settlement agreement did not designate any court as having jurisdiction of future enforcement proceedings.”).
In at least one instance, the Eighth Circuit relied on the retained jurisdiction prong of Kokkonen to affirm a district court order enforcing a court-approved settlement agreement. Gilbert v. Monsanto, 216 F.3d 695, 699-700 (8th Cir.2000). In Gilbert, the parties reached a settlement agreement and stipulated, “[t]he ‘confidential Settlement Agreement and Release’ executed between the parties is herein incorporated by reference. Furthermore, it is stipulated that the parties agree that this Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and Release.” Id. at 699. The district court in Gilbert then dismissed the case with prejudice subject to an express retention of jurisdiction to enforce the agreement. Upon the plaintiffs subsequent motion to enforce the agreement, the district court learned that the defendant failed to sign the referenced agreement. Nevertheless, the district court determined that the parties had reached an oral settlement agreement and that, under the terms of the stipulation, there was retained jurisdiction to enforce the oral agreement. On appeal this court affirmed the district court’s enforcement order and stated, “We hold on the record before us that the district court did not clearly err ... in concluding that it retained jurisdiction over the enforcement of the settlement agreement, regardless of its form.” Id. at 700 (emphasis added).
In the present case, as in Gilbert, the settlement agreement was not merely a private settlement agreement. Rather, the district court approved the settlement agreement and retained jurisdiction for the purpose of enforcing the agreement. Accordingly, the jurisdictional requirement set forth in Kokkonen is satisfied. Here, unlike in the Hayden case, the issue of jurisdiction does not relate to a financing agreement that is ancillary to the settlement agreement. Hayden, 289 F.3d at 532-33. Unlike Sheng, the present case involved no limitation on the scope of the retained enforcement jurisdiction. Sheng, 53 F.3d at 195. Finally, unlike Miener, the district court in the present case expressly acted to designate itself as the court to hold jurisdiction over future enforcement. Miener, 62 F.3d at 1127. Because the jurisdictional requirement is met and because the present case does not involve merely a private settlement agreement, I can find no material basis upon which to distinguish the present scenario from one involving a consent decree.
The majority relies on Hazen ex rel. LeGear v. Reagen, 208 F.3d 697, 698-99 (8th Cir.2000) to distinguish settlement agreements from consent decrees. While it is true that the court in Hazen distinguished between federal consent decrees and “private settlement agreements,” Hazen did not involve a question of district court authority to retain jurisdiction over a settlement agreement for the purpose of enforcement. Id. at 699. Rather, Hazen held that a federal consent decree under the PLRA could not be enforced in state court where the consent decree failed to conform to the standards mandated by the PLRA. Id. Regarding district court enforcement authority, the Court in Buckhannon clearly stated that a private settlement agreement is distinct from a consent decree. Buckhannon, 532 U.S. at 604 n. 7, 121 S.Ct. 1835. This conclusion is undisputed. Hazen goes no further than Buckhannon on this issue and should not *999 be extended as authority to assess the similarities between a settlement agreement subject to retained enforcement jurisdiction and a consent decree. Such were not the facts of Hazen.
Finally, a finding that the plaintiff class was a prevailing party avoids a circuit split with the Eleventh Circuit. See American Disability Ass’n, Inc., v. Chmielarz, 289 F.3d 1315, 1318-20 (11th Cir.2002) (hereinafter “ADA, Inc”) (synthesizing Buckhan-non and Kokkonen to hold that a plaintiff was a prevailing party where the district court approved a settlement agreement and “retained jurisdiction solely for the purpose of enforcing the Settlement Agreement”). In a well-reasoned opinion, the Eleventh Circuit first rejected the bright-line interpretation of Buckhannon that the majority adopts today:
In saying that “a party is not a prevailing party for the purposes of the ADA unless they obtain either (1) a judgment on the merits or (2) a court ordered consent decree,” the district court interpreted Buckhannon to stand for the proposition that a plaintiff could be a “prevailing party” only if it achieved one of those two results. That reading of Buckhannon, however, is overly narrow. Indeed, the Court did not say that those two resolutions are the only sufficient bases upon which a plaintiff can be found to be a prevailing party. See Smyth v. Rivero, 282 F.3d 268, 281 (4th Cir.2002) (“We doubt that the Supreme Court’s guidance in Buckhannon was intended to be interpreted so restrictively as to require that the words ‘consent decree’ be used explicitly.”); Nat’l Coalition for Students with Disabilities v. Bush, 173 F.Supp.2d 1272, 1278 (N.D.Fla.2001) (“The Supreme Court’s discussion of consent decrees and private settlements fell short of a holding that fees may not be recovered only if there is a consent decree, not a mere private settlement.” (emphasis in original)). Rather, the Court used those examples to show “the ‘catalyst theory’ falls on the other side of the line” from cases in which plaintiffs should be considered “prevailing parties.” Buckhannon, 532 U.S. at 604-05, 121 S.Ct. 1835, ... Indeed, while observing that either a judgment on the merits or a consent decree clearly are sufficient to make the plaintiff a “prevailing party,” the essential test established by the Court requires the plaintiff to achieve a “judicially sanctioned change in the legal relationship of the parties.” Id. at 605, 121 S.Ct. 1835.
ADA Inc., 289 F.3d at 1319.
Next, the Eleventh Circuit noted that Kokkonen dispelled any lingering concerns regarding fine distinctions between consent decrees on the one hand and settlement agreements coupled with retained enforcement jurisdiction on the other. Id. at 1320.
Thus, it is clear that, even absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties’ agreement. Its authority to do so clearly establishes a “judicially sanctioned change in the legal relationship of the parties,” as required by Buckhan-non, because the plaintiff thereafter may return to court to have the settlement enforced. A formal consent decree is unnecessary in these circumstances because the explicit retention of jurisdiction or the court’s order specifically approving the terms of the settlement are, for these purposes, the functional equivalent of the entry of a consent decree.
Id. (emphasis in original).
For the reasons set forth above, I agree with the Eleventh Circuit. Because the *1000 district court in the present case possessed jurisdiction to enforce the settlement agreement via court order, and because the district court exercised the requisite approval and oversight, I would hold the plaintiff class to be a prevailing party.

. The settlement agreement provides that its terms would be incorporated into the court's order approving the settlement agreement, a breach of the settlement agreement would be a violation of the order of dismissal, and the court would have ancillary jurisdiction to enforce the settlement agreement. See Addendum to Appellant’s Brief at 26-27. The order *997 approving the settlement agreement did not explicitly incorporate the agreement into the order of dismissal but did approve the entire settlement agreement.