# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1737

_____

| | | |
|---|---|---|
| International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, | * * * * | |
| Plaintiff, | * * | |
| United Auto Workers, Local 13, | * * | |
| Appellant, | * * * | Appeal from the United States District Court for the Northern District of Iowa. |
| v. | * * | [UNPUBLISHED] |
| Rousselot, Inc. a Sobel Company, also known as Rousselot, a VION Company, | * * * | |
| Appellee. | * | |

_____

Submitted: June 18, 2009
Filed: June 24, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

United Auto Workers Local 13 (Union) appeals the district court's adverse grant of summary judgment for the employer, Rousselot, Inc. (Company), in the Union's action to compel arbitration. The dispute at issue arises from the parties' differing interpretations of a provision of the collective bargaining agreement (CBA),

which the Company maintains precludes arbitration of the employee grievance for which the Union seeks to compel arbitration.

After careful review, see Int'l Bhd. of Elec. Workers v. GKN Aerospace N. Am., Inc., 431 F.3d 624, 626-27 (8th Cir. 2005) (holding that an appellate court reviews a grant of summary judgment de novo, and also reviews de novo a district court's interpretation of a contract and its arbitration clause), we conclude the district court's grant of summary judgment for the Company was improper. The Company contends, and the district court agreed, that under CBA Article XII, Section 8, when the Company creates a new job classification, the only arbitrable issue is the wage rate for the new job classification. The grievance the Union seeks to arbitrate, however, did not question the Company's authority to establish a new job classification. Rather, the grievance challenged the Company's alleged elimination of certain existing job classifications at the same time that a new job classification was created, violating Article XII, Section C of the CBA.

We conclude this grievance issue was arbitrable. The CBA contains a broad arbitration clause which covers disputes as to the meaning or application of its provisions, and there is no language, either in the arbitration clause or elsewhere in the agreement, prohibiting arbitration of disputes related to the elimination of existing job classifications. See AT&T Technologies, Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (concluding, where a contract contains a broad arbitration clause, "[i]n the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail"); Teamsters Local Union No. 688 v. Indus. Wire Products, Inc., 186 F.3d 878, 881 (8th Cir. 1999) (deciding, "[w]hen there exists an express agreement to arbitrate, there arises a presumption that the parties agreed to submit the dispute to arbitration unless there is clear intent" they did not want to arbitrate). Although Section 8 appears to limit the scope of arbitration in the context of new job classifications, the section is silent as to whether disputes that arise in

conjunction with the establishment of a new job classification are arbitrable, and we decline to construe that silence as a desire to prohibit arbitration of matters that may arise when a new classification is created, but which are separate from the classification itself.  See Int'l Union v. Gen. Elec. Co., 714 F.2d 830, 832 (8th Cir. 1983) (ruling a dispute was arbitrable where the issue raised by the union grievance and the company's response was not lack of work—which was removed from arbitration by an exclusionary provision—but who was entitled to perform existing work—a seniority issue not excluded from arbitration).

We reverse and remand to the district court with instructions to enter an order compelling arbitration.  Because the Union is now the prevailing party, we also direct the court to reconsider the Union's request for attorney's fees.  See Am. Fed'n of Musicians v. St. Louis Symphony Soc'y, 203 F.3d 1079, 1081 (8th Cir. 2000) (stating, "a prevailing party may recover [attorney's] fees . . . if the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

_____