# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1508
_____

| | | |
|---|---|---|
| Brotherhood of Maintenance of Way Employees, | * * * | |
| Appellant, | * * * | Appeal from the United States District Court for the District of Minnesota. |
| v. | * | |
| Burlington Northern Santa Fe Railroad, | * * * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 17, 2001

Filed: October 24, 2001
_____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.
_____

PER CURIAM.

The Brotherhood of Maintenance of Way Employees (the Union) and Burlington Northern Santa Fe Railroad (BNSF or the Railroad) disagree on the meaning of Article A of their August 1999 Collective Bargaining Agreement (CBA). The CBA provides:

Employees force assigned to a headquartered position which is located greater than 75 highway miles from both the employee's residence and

the employee's home station will be eligible for double occupancy lodging under the BNSF corporate lodging program on each day service is performed at the away-from-home headquarter location. Employees utilizing Carrier provided lodging under this provision will receive a meal allowance of $15.00 for each day on which service is performed and the employee is housed at Carrier expense at the away-from-home headquarter location.

(J.A. at 49). The Union contends an employee is entitled to five $15.00 meal allowances when the employee works Monday through Friday at a location greater than seventy-five highway miles from both the employee's residence and home station and utilizes Carrier-provided lodging Monday night through Friday morning. The Railroad initially paid employees five meal allowances per week for this work arrangement. In February 2000, the Railroad began paying employees four meal allowances per week for this arrangement, contending the CBA did not obligate the Railroad to pay a fifth meal allowance when the employee utilized Carrier-provided lodging for only four nights.

After the Union and the Railroad failed to reach an agreement interpreting the meal allowance provision, the Union filed suit, contending the Railroad had effected a unilateral change of the CBA in violation of the Railway Labor Act (RLA). See 45 U.S.C. § 152 Seventh (1994). The Railroad filed a motion to dismiss, claiming the dispute was minor and subject to arbitration, thus the district court lacked subject matter jurisdiction. See 45 U.S.C. § 153 First (i) (1994); Jenisio v. Ozark Airlines, Inc. Retirement Plan for Agent & Clerical Employees, 187 F.3d 970, 973-74 (8th Cir. 1999) (citing Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R., 373 U.S. 33, 39 (1963)). The district court[*] granted the Railroad's motion to dismiss. The Union appeals. Having reviewed the record and briefs de novo, accepted the allegations contained in the complaint as true, and considered the facts and all reasonable

---

[*]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

inferences that can be drawn from them in the light most favorable to the Union, we affirm. See Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (reviewing motion to dismiss de novo); Jenisio, 187 F.3d at 972 (reviewing question of subject matter jurisdiction de novo).

Under the RLA, a dispute is classified as either major, involving the creation of new contractual rights, or minor, involving the interpretation and enforcement of existing CBAs. See Consol. Rail Corp. v. Ry. Labor Executives Ass'n, 491 U.S. 299, 302, 305 (1989) (Conrail). The distinction is important when establishing jurisdiction because minor disputes must be submitted to binding arbitration. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252-53 (1994). Although there is no bright line to differentiate between major and minor disputes, a dispute that is arguably justified by the terms of the CBA is minor. See United Transp. Union v. Kansas City Southern Ry. Co., 172 F.3d 582, 585-86 (8th Cir. 1999). In addition, if doubt arises about the classification of a dispute, the dispute is also considered to be minor. See Jenisio, 187 F.3d at 973.

We conclude the district court correctly found each party's position is arguably justified by the language of the CBA and the dispute is minor. See Hawaiian Airlines, 512 U.S. at 256 (holding disputes grounded in the CBA are minor); see, e.g., Bhd. of Maint. of Way Employees v. Atchison, Topeka & Santa Fe Ry. Co., 138 F.3d 635, 643 (7th Cir. 1997) (holding dispute over travel expenses minor). Resolution of the dispute will turn on the meaning of the CBA clause requiring employees to utilize Carrier-provided lodging before the employee is entitled to a meal allowance. Because minor disputes must be resolved through arbitration, we conclude the district court correctly determined it lacked jurisdiction. See Jenisio, 187 F.3d at 973-74.

We reject the Union's contention that the Railroad's past practice of paying five meal allowances per week shows the Railroad's current contrary position is frivolous or insubstantial. Although the Railroad's past practice is relevant to the

merits of interpreting the contested CBA provision, it does not alter the minor nature of the dispute. See Conrail, 491 U.S. at 311, 318-19; Alton & Southern Lodge No. 306 Bhd. Ry. Carmen v. Alton & Southern Ry. Co., 849 F.2d 1111, 1114 (8th Cir. 1988) (holding evidence of past practice is not dispositive in the face of contrary CBA language). Contrary to the Union's assertion, the district court treated the Railroad's motion to dismiss as a facial attack on the complaint, not a factual attack; thus the Union received the benefit of the presumption its allegations were true and all favorable inferences were drawn in the Union's favor.

Because the dispute is minor and subject to arbitration, we affirm the district court's decision dismissing the complaint for lack of subject matter jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-