Daniel HOWELL, Plaintiff,

v.

LAB ONE, INC., a Missouri Corporation, Lab One, Inc., a Delaware Corporation, Union Pacific Railroad Co., a Utah Corporation, Defendants.

No. 8:02CV73.

United States District Court,
D. Nebraska.

Feb. 10, 2003.

Jayson D. Nelson, Omaha, NE, Richard J. Dinsmore, Omaha, NE, for Plaintiff.

Joseph S. Daly, Daly Law Firm, Omaha, NE, for Lab One, Inc.

Henry N. Carnaby, Union Pacific Law Department, Omaha, NE, for Union Pacific Railroad Co.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on defendant Lab One's motion to dismiss, Filing No. 10, and defendant Union Pacific Railroad Company's (U.P.'s) motion to dismiss or alternatively for summary judgment, Filing No. 11. Plaintiff's motion for oral argument on the motions is also pending, Filing No. 26. The court finds oral argument is not necessary and the motion for oral argument will be denied.

## I. Background

Daniel Howell, a former freight conductor employed by U.P., asserts he was wrongfully terminated by U.P. in reliance on results of a random drug test negligently performed by Lab One. In his complaint, which was removed from state court, Howell asserted state law claims of negligence, breach of contract, defamation, negligent misrepresentation, fraudulent misrepresentation, interference with an existing business relationship, interference with a prospective business relationship, intentional infliction of mental distress, and invasion of privacy. In ruling on a motion to remand, this court earlier found that Howell's state law claims are preempted by federal law. *See* Memorandum and Order, Filing No. 23. Defendants now argue that the state law claims should be dismissed as preempted. Although Howell's complaint did not explicitly include any federal claims, the court's earlier order establishes that Howell's claims arise under the Railway Labor Act (RLA), 45 U.S.C. § 151, and the Federal Railway Safety Act (FRSA), 49 U.S.C. § 20101, as amended by the Federal Omnibus Transportation Employee Testing Act of 1991 (FOTETA), 49 U.S.C. § 20140, and is governed by regulations promulgated by the Secretary of Transportation, at 49 C.F.R. §§ 40 and 219, pursuant to these statutes.[1]

Lab One moves to dismiss the federal claims for failure to state a claim on which relief can be granted. It contends that there is no private right of action under the federal statutes. U.P. similarly moves to dismiss and alternatively moves for summary judgment, asserting that any claim premised on the Railway Labor Act is barred because Howell failed to appeal the denial of Howell's grievance in connection with this issue.

In support of its motion, U.P. has shown that Howell was covered by a collective bargaining agreement governed by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* Filing No. 12, Ex. B. U.P.'s Drug and Alcohol Policy and Procedures mandated drug and alcohol tests and were promulgated consistent with its rights under "current collective bargaining agreements." Filing No. 12, Ex. A at 7. Howell filed a grievance challenging the drug test findings and his resultant discharge and was granted a hearing and an opportunity to present evidence. Filing No. 12, Ex. C. After an adverse ruling, he appealed to the Special Board of Adjustment, which rendered an unfavorable decision on August 18, 1999. *Id.* He did not petition the district court for review of the Board's findings under 45 U.S.C. § 153(q).

## II. Discussion

Defendants' motions are premised on the theory that since the RLA, FSRA, and FOTETA completely preempt state law, all alleged causes of action arise under federal law but fail to state a claim upon which relief can be granted and should therefore be dismissed. The court agrees. Complete preemption has jurisdictional consequences that distinguish it from preemption asserted only as a defense. *See Gaming Corp. of Amer. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996). The

---

1. As noted in the court's earlier opinion, removal based on federal question jurisdiction is generally governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint, but a narrow exception exists in the case of "complete pre-emption," under which the preemptive force of certain federal statutes is deemed so "extraordinary" as to convert complaints purportedly based on the preempted state law into complaints stating federal claims from their inception. *Krispin v. The May Department Stores Co.,* 218 F.3d 919, 922 (8th Cir. 2000).

defense of preemption can prevent a claim from proceeding, but in contrast to complete preemption it does not convert a state claim into a federal claim. *Id.* The court's finding of complete preemption as a basis for jurisdiction does not resolve the issue of preemption as a defense. *See id.* For the reasons stated below and in this court's earlier order, the court finds Howell's state law claims are preempted and should be dismissed.

### A. Motion to dismiss FOTETA claim

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir.1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

Howell's complaint fails to state a claim under federal law. In 1991, Congress passed FOTETA, amending the Federal Railway Safety Act, to require drug testing of railroad workers in safety-sensitive positions. *See* 49 U.S.C. § 20140. Pursuant to the statute, the Secretary of Transportation has promulgated the Department of Health and Human Services (DHHS) Procedures for Transportation Workplace Drug and Alcohol Testing Programs regulations. *See* 49 C.F.R. Part 40. Drug testing procedures must comply with the scientific and technical procedures set forth in those regulations. *See* 49 C.F.R. § 382.105.

■ FOTETA and the regulations promulgated thereunder do not provide for, nor imply, a private right of action. *Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 308–09 (6th Cir.2000); *see also Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170–71 (2d Cir.1998) (affirming district court's conclusion that plaintiff did not have a private cause of action under 49 C.F.R. Part 40); *Schmeling v. NORDAM,* 97 F.3d 1336, 1343–44 (10th Cir.1996) (concluding that 49 C.F.R. § 40.35 did not provide for a private cause of action); *Abate v. Southern Pacific Transp. Co.,* 928 F.2d 167 (5th Cir.1991) (concluding that Federal Railroad Safety Act provides no private cause of action to enforce regulations implementing federally mandated drug-testing programs set forth in 49 C.F.R. Part 40). Accordingly, the court finds that Howell cannot state a claim under the FRSA, as amended by FOTETA, and the claim will be dismissed.

### B. Motion for Summary Judgment

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(C); *Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir.1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

■ If the resolution of a state-law claim "depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed

to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Under the Railway Labor Act, a dispute is classified as either major, involving the creation of new contractual rights, or minor, involving the interpretation and enforcement of existing collective bargaining agreements (CBAs). *See Consol. Rail Corp. v. Ry. Labor Executives Ass'n,* 491 U.S. 299, 302–05, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989) (*Conrail*). The distinction is important when establishing jurisdiction because minor disputes must be submitted to binding arbitration. *See Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252–53, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). In the railroad industry, minor disputes must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions. *See* 45 U.S.C. § 184; *Conrail,* 491 U.S. at 302, 109 S.Ct. 2477. Judicial review of the arbitral decision is limited. *See Conrail,* 491 U.S. at 302–03, 109 S.Ct. 2477; *Union Pacific R. Co. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978).

"Minor" disputes involve the interpretation and enforcement of an existing CBA. *Bhd. of Maint. of Way Emps. v. Burlington N. Santa Fe R.R.,* 270 F.3d 637, 638 (8th Cir.2001). Although there is no bright line to differentiate between major and minor disputes, a dispute that is arguably justified by the terms of the CBA is minor. *Id.* The railroad has the "relatively light burden" of establishing the exclusive arbitral jurisdiction of the adjustment board under the RLA and there is a presumption that disputes between railroads and their unionized employees are minor and, thus, arbitrable. *Schiltz v. Burlington N.R.R.,* 115 F.3d 1407, 1413 (8th Cir.1997). If doubts arise as to the type of dispute at issue, a court should construe the dispute as minor. *Id.*

The court concludes that Howell's complaint involves a minor dispute. Objections to drug testing are "minor disputes" in the RLA's parlance—that is, disputes about the interpretation or application of an existing agreement. *See, e.g., Consol. Rail,* 491 U.S. at 311, 109 S.Ct. 2477 (noting that although the labor agreement did not mention drug tests, the dispute was "minor" because "collective-bargaining agreements may include implied, as well as express, terms"); *Airline Professionals Ass'n v. ABX Air, Inc.,* 274 F.3d 1023, 1029 (6th Cir.2001) (finding dispute regarding random searching of union members to be a minor dispute); *Chapple v. Nat'l Starch & Chem. Co.,* 178 F.3d 501, 508 (7th Cir.1999) (stating "[w]hether the plaintiffs were wrongfully discharged or not depends on whether the company acted properly in setting up the drug investigation and had sufficient cause to fire the plaintiffs" and would "require a court to decide if the employer was acting within the scope of the management rights clause of the collective bargaining agreement"); *In the Matter of Amoco Petroleum Additives Co.,* 964 F.2d 706, 710 (7th Cir.1992) (noting "objections to drug testing are 'minor disputes' in the RLA's parlance"); *Schlacter–Jones v. Gen. Tel.,* 936 F.2d 435, 441 (9th Cir.1991) (employee's state law claims were preempted where the "allegations turn on the propriety of [the company]'s Drug Policy and cannot be assessed without examining the CBA to determine whether the Drug Policy was a valid term and condition of employment"); *and Jackson v. Liquid Carbonic Corp.,* 863 F.2d 111, 121 (1st Cir.1988) (rejecting state law privacy and constitutional challenges to drug tests as preempted where "[t]he central thesis of his suit questions whether [the employer]'s drug-testing protocol was reasonable").

Admittedly, the RLA's mechanism for resolving minor disputes does not preempt causes of action to enforce rights that are independent of the CBA. *Norris,* 512 U.S. at 256, 114 S.Ct. 2239 (involving application of state whistle-blower protection). Howell's complaint, however, presents no such claims. *Compare Meyer v. Schnucks Markets, Inc.,* 163 F.3d 1048, 1050–51 (8th Cir.1998) (finding no CBA interpretation needed to resolve state law claims of slander and tortuous interference where allegations involved retaliation for criticism of employer's sanitation procedures and public criticism and harassment of employee), *Luecke v. Schnucks Markets, Inc.,* 85 F.3d 356, 359–60 (8th Cir.1996) (allowing action for defamation in a case involving a claim that employer publicly disseminated false information of employee's refusal to submit to a drug test, noting the case did not involve a challenge to the employer's right to require the drug test or to discipline an employee for failing to take or pass the drug test), and *Taggart v. Trans World Airlines,* 40 F.3d 269, (finding state law claim for handicap discrimination was independent of CBA), *with Gore v. Trans World Airlines,* 210 F.3d 944, 949–52 (8th Cir.2000) (finding claims of false arrest, slander, invasion of privacy, and negligence inextricably intertwined with consideration of the terms of the labor contract in a case involving termination for making threats).

The court finds that Howell's claims in this case are inextricably intertwined with the provisions of the collective bargaining agreement. Howell's allegations involve actions that took place in the course and scope of his employment and procedures governed by a collective bargaining agreement. The gravamen of Howell's complaint involves interpretation of the contract language in the CBA known as the management prerogatives clause, pursuant to which the drug testing policy was promulgated. "Employers and employees are free to negotiate what actions an employer may take to preserve the safety and security of the workplace and the safety of other employees." *Id.* at 952. Moreover, although state law creates certain tort actions, in a case where "the collective bargaining agreement is the defining source of the duties specifically owed by the defendants for each [tort] claim asserted," a plaintiff "cannot establish liability on his tort claims without demonstrating that the defendants' actions were wrongful under a proper interpretation of the relevant rights and duties bargained for in the collective bargaining agreement." *See id.* at 952.

The allegations in Howell's complaint relate only to the circumstances leading up to his termination for failure to provide a sample for a drug test. There are no allegations that stem from any actions by U.P. apart from its promulgation of and enforcement of its Drug and Alcohol Policy, its disciplinary procedures, and its decision to terminate Howell. All of these are governed by the collective bargaining agreement. Importantly, the allegations in Howell's complaint that relate to defamation, negligent misrepresentation, fraudulent misrepresentation, intentional infliction of emotional distress and invasion of privacy refer to Lab One's reporting Howell's drug test results to U.P. Similarly, Howell's allegations of interference with an existing and prospective business relationships are based on Howell's employment relationship with U.P. Allegations of negligence relate to Lab One's testing procedures and to U.P.'s alleged shortcomings in its disciplinary process. The contract allegedly breached was the contract between Lab One and U.P. In short, Howell is challenging his termination.

There is no dispute that Howell utilized the U.P.'s internal dispute resolution mechanism to challenge his termination.

*See* Filing No. 12, Ex. C. A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding. *Andrews v. Louisville & Nashville R.R. Co.,* 406 U.S. 320, 324, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). He is limited to the judicial review of the Board's proceedings that the Act itself provides. *Id.*; 45 U.S.C. § 1539(q). The proper avenue of redress for Howell would have been a petition for review of the Board's order. Because Howell's claims are preempted by the RLA and Howell did not pursue his remedies thereunder, U.P. is entitled to judgment on Howell's claims.

Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for oral argument, Filing No. 26, is denied;

2. Defendant Lab One's motion to dismiss, Filing No. 10, is granted;

3. Defendant U.P.'s motion to dismiss or for summary judgment, Filing No. 11, is granted; and

4. A separate judgment will be entered in accordance with this Memorandum and Order.

### JUDGMENT

In accordance with the court's Memorandum and Order entered on this date,

IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment, Filing No. 26, is denied;

2. Defendant Lab One's motion to dismiss, Filing No. 10, is granted;

3. Defendant U.P.'s motion to dismiss or for summary judgment, Filing No. 11, is granted;

4. Judgment is entered in favor of defendants and against plaintiff, and this action is dismissed.