Steven GEELAN, on behalf of himself and all others similarly situated, Michael Gray, on behalf of himself and all others similarly situated, and Judith Chapman, on behalf of herself and all others similarly situated, Plaintiffs,

v.

MARK TRAVEL, INC., Defendant.

No. Civ. 03–6322(DSD/SRN).

United States District Court, D. Minnesota.

May 24, 2004.

Brian Francis Leonard, Thomas C. Atmore, Leonard O'Brien, Spencer, Gale & Sayre, Ltd., Minneapolis, MN, Scott Allen Johnson, Todd Maurice Johnson, Johnson Law Group, Minnetonka, MN, for plaintiffs.

Charles Frederick Webber, Faegre & Benson LLP, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court upon defendant's motion to dismiss counts 1 through 4 of the complaint as to plaintiffs Steven Geelan and Judith Chapman for lack of subject matter jurisdiction. For the following reasons, defendant's motion is granted.

## BACKGROUND

This putative class action arises from the lay-off of approximately 900 employees of Sun Country Airlines, Inc. ("Sun Country") in December 2001. Plaintiff Steven Geelan was employed by Sun Country as a pilot under a collective bargaining agreement ("CBA"). Plaintiff Judith Chapman was employed by Sun Country as a flight attendant, also pursuant to a CBA. Plaintiff Michael Gray was a non-union employee of Sun Country. Defendant Mark Travel, Inc., is in the business of planning and operating tours and vacations.

Sun Country began experiencing financial difficulties in early 2001. Involuntary bankruptcy proceedings were commenced

against the company the following January. Sun Country is currently in Chapter 7 liquidation and the majority of its assets have been sold to the newly-created Sun Country Airlines.

Defendant and Sun Country enjoyed a close business relationship. Both were owned entirely or substantially by William LaMachia, Sr., prior to Sun Country's collapse. Defendant contracted extensively with Sun Country to provide air transportation for its tours. According to plaintiffs, defendant loaned significant amounts of money to shore up the failing airline. Plaintiffs allege that at some point prior to 2001, defendant began exerting control over Sun Country's operations. David Wade, one of defendant's managers, was placed within Sun Country's corporate offices. Through Wade and others, defendant allegedly exercised increasing control over Sun Country's finances, marketing, operations, personnel and other key corporate functions.

On December 7, 2001, plaintiffs and between 800 and 900 other Sun Country employees were laid-off. Sun Country gave no advance warning regarding the lay-offs. Plaintiffs allege that Sun Country failed to pay them and the putative class members for vacation time they had accrued. Plaintiffs also allege that Sun Country withheld severance pay that was due under the applicable CBAs, company policies and employment agreements. Although Sun Country is now defunct, plaintiffs assert that Mark Travel is responsible for its liabilities.

Plaintiffs Geelan and Gray previously filed suit against defendant in Wright County, Minnesota, district court, alleging "alter ego," "creditor control" and "tortious interference with contract." The Wright County court dismissed Geelan's claims. Gray's action in that court remains pending.

Plaintiffs, now joined by Chapman, have filed suit in this court. Plaintiffs allege alter ego (count 1), creditor control (count 2) and tortious interference with contract (count 3).[1] They allege claims under Minn.Stat. § 181.13 (count 4) and the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq. (count 5). Plaintiffs pray for compensatory damages, statutory damages, costs and attorneys' fees. They also seek class certification pursuant to Fed.R.Civ.P. 23.

Defendant now moves to dismiss Counts 1 through 4 of the complaint as to Geelan and Chapman. It argues that because those claims were decided in the state court action, this court's subsequent exercise of jurisdiction over those claims would violate the *Rooker–Feldman* doctrine. Defendant also argues that the court lacks jurisdiction over counts 1 through 4 as to Geelan and Chapman because the claims are committed to the arbitral forum under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., and the plaintiffs' CBAs.

## DISCUSSION

### I. Legal Standards

■ Pursuant to the federal rules, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h)(3). Even where the court otherwise has subject matter jurisdiction, the *Rooker–Feldman* doctrine may preclude the exercise of that jurisdiction. *See Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir.2003). Under the *Rooker–Feldman* doctrine, state court decisions

---

1. The court seriously doubts the viability of "alter ego" and "creditor control" as cognizable causes of action. The court assumes, but need not decide, that counts 1 and 2 are meant to plead theories of indirect liability rather than substantive causes of action.

are not subject to review in the lower federal courts. *See Simes v. Huckabee,* 354 F.3d 823, 827 (8th Cir.2004). Claims raised in the federal forum may be barred even if they do not match exactly the issues decided by the state court. *See Gisslen,* 345 F.3d at 627. Notwithstanding the form or manner of presentation of a particular claim, "if the federal claim succeeds 'only to the extent that the state court wrongly decided the issues before it,'" this court lacks jurisdiction over the claim. *Id.* (quoting *Pennzoil v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring)).

■ The federal district courts are also divested of jurisdiction over certain matters by the RLA. The Act commits "minor" disputes between common carriers and unionized employees to mandatory arbitration. 45 U.S.C. § 153(i); *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 252–53, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). Minor disputes are generally defined as matters relating to the interpretation or enforcement of an existing CBA. *See Bhd. of Maintenance of Way Employees v. Burlington N. Santa Fe R.R.,* 270 F.3d 637, 638 (8th Cir.2001). The RLA also preempts state law relating to most minor claims by requiring that such claims be arbitrated. *See Wheeler v. St. Louis S.W. R.R. Co.,* 90 F.3d 327, 329 (8th Cir.1996).

## II. Geelan's Claims

Geelan's and Gray's claims in the Wright County action included alter ego, creditor control and interference with contract. The state court dismissed Geelan's claims without opinion. It did not dismiss those claims as to Gray. Defendant asserts that the state court dismissed Geelan's claims because they are subject to mandatory arbitration under the RLA and the CBA. It argues that litigation of those claims in this court would violate *Rooker–Feldman.*

Plaintiffs argue that the doctrine does not apply here because the state court's order is not a final judgment. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (holding that district courts lack authority "to review final determinations" of the state courts). Plaintiffs further argue that the *Rooker–Feldman* doctrine should not apply because the state court dismissed Geelan's claims without opinion.

■ The court is not persuaded by plaintiffs' arguments. The Court of Appeals for the Eighth Circuit has commented that *"Rooker–Feldman* is broader than claim and issue preclusion because it does not depend on a final judgment on the merits." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 n. 1 (8th Cir.1995). To hold otherwise would lead to the nonsensical result that non-final, interlocutory state court decisions are appealable to the lower federal courts, while final decisions are not. *See Richardson v. D.C. Court of Appeals,* 83 F.3d 1513, 1515 (D.C.Cir. 1996); *Doctor's Assocs., Inc. v. Distajo,* 107 F.3d 126, 138 (2d Cir.1997).

■ The fact that the state court did not issue a written opinion is irrelevant. *See Simes,* 354 F.3d at 830. The doctrine applies whenever a state court considers and rejects federal claims on their merits. *See id.* at 830. The arguments before the state court focused solely on the issue of mandatory arbitration under the RLA and CBA. Counts 1 through 3 in plaintiffs' federal complaint are identical to those decided by the state court. This court's further consideration of those claims would be in direct conflict with *Rooker–Feldman.* Accordingly, this court lacks jurisdiction over those counts as to Geelan.

■ Defendant also asserts that the court lacks jurisdiction over Geelan's claims in counts 1 through 3 because the

RLA and the CBA commit those claims to arbitration. *See Hawaiian Airlines,* 512 U.S. at 252–53, 114 S.Ct. 2239; *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 455, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Thus, even without the *Rooker–Feldman* bar this court would lack jurisdiction. Geelan responds that arbitration is not mandatory here because it cannot afford him meaningful relief in light of Sun Country's bankruptcy. The court recognizes Geelan's plight, but notes that he failed to demand arbitration within the sixty-day period called for in the CBA before Sun Country was liquidated. Having failed to exhaust the administrative remedy mandated by the RLA and his CBA, Geelan cannot now complain that he is foreclosed from litigation of those claims in this forum.[2] *See Glover v. St. Louis–San Francisco Ry. Co.,* 393 U.S. 324, 330, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).

■ As to count 4, the complaint alleges violation of a Minnesota employment statute. The statute requires that involuntarily terminated employees be paid all earned wages within twenty-four hours of discharge. Minn.Stat. § 181.13. Geelan's statutory claim is predicated entirely upon his contractual relationship with Sun Country under the CBA. Because the dispute arose under an existing CBA, it is a minor dispute subject to mandatory arbitration under the RLA, and the Minnesota statute is preempted.[3] *See Bhd. of Maintenance of Way Employees,* 270 F.3d at

638. The state court and this court lack jurisdiction over the claim.

## III. Chapman's Claims

Relying on its previous arguments, defendant asserts that counts 1 through 4 should also be dismissed as to Chapman. Defendant contends that *Rooker–Feldman* applies even though Chapman was not a party to the Wright County action. Alternatively, defendant argues that the court lacks jurisdiction because Chapman, like Geelan, is bound to arbitrate the claims in counts 1 through 4. Plaintiffs response is two-fold. As previously discussed, they argue that *Rooker–Feldman* does not apply to non-final state court orders. Plaintiffs additionally argue that, even if *Rooker–Feldman* applies to the Wright County order, it does not bar Chapman's claims because she was not a party to the state action.

■ The court need not revisit the first of plaintiffs' assertions. As for the second, the Eighth Circuit has determined that *Rooker–Feldman* application does not require that the same party bring the same claims in each action, but rather, that the claims asserted in the subsequent federal action are "inextricably intertwined" with the state court's decision. *See Lemonds v. St. Louis County,* 222 F.3d 488, 495 (8th Cir.2000). Here, Chapman's claims are identical to those brought by Geelan and they are inextricably bound up with the state court's determination. Although the

2. Plaintiffs' assertion that defendant lacks standing to compel arbitration is inapposite. Defendant does not move for an order compelling arbitration, it moves to dismiss for lack of subject matter jurisdiction on the basis of plaintiffs' obligation to arbitrate.

3. Plaintiffs argue that the RLA does not preempt state law claims when the resolution of the claim does not require interpretation of the CBA. *See Lingle v. Norge Div. of Magic*

*Chef, Inc.,* 486 U.S. 399, 406, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The *Lingle* Court held that "purely factual questions" about an employee's or an employer's conduct do not implicate the CBA and the RLA does not preempt state law action. *Id.* at 407, 108 S.Ct. 1877. Here, however, the issues are not limited to factual determinations independent of the CBA. Therefore, the *Lingle* exception does not apply and the claim is preempted. *See Wheeler,* 90 F.3d at 329.

*Lemonds* court noted a possible exception for plaintiffs who "lacked reasonable opportunity, through intervention or otherwise, to litigate their claims in the state court," that exception does not apply here. *See id.* at 495–96.

Finally, like Geelan's claims, Chapman's claims in counts 1 through 4 are committed to arbitration under both the RLA and her CBA. Thus, even if *Rooker–Feldman* did not apply, or there had been no state action at all, this court would nonetheless lack jurisdiction over those claims. Accordingly, they must be dismissed.

### CONCLUSION

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that defendant's motion to dismiss counts 1 though 4 of the complaint as to plaintiffs Steven Geelan and Judith Chapman [Docket No. 4] is granted.