# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2940

_____

| | | |
|---|---|---|
| G. Bradford Merkl, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Timothy T. Pendleton; David A. Joerg, | * | |
| Liability Insurance Carrier; Josh | * | |
| Morken, Liability Insurance Carrier; | * | Appeal from the United States |
| Marsha Womble, Liability Insurance | * | District Court for the |
| Carrier; Winona County Sheriff's | * | District of Minnesota. |
| Office, Liability Insurance Carrier; | * | |
| Susan Cooper, Liability Insurance | * | [UNPUBLISHED] |
| Carrier; Winona County Attorney's | * | |
| Office, Liability Insurance Carrier; | * | |
| Winona County District Court, | * | |
| Liability Insurance Carrier; Minnesota | * | |
| Court of Appeals, Liability Insurance | * | |
| Carrier; Minnesota Supreme Court, | * | |
| Liability Insurance Carrier, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 29, 2008
Filed: November 7, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

G. Bradford Merkl appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and the denial of his motion for default judgment. After careful de novo review, considering the facts and all reasonable inferences that can be drawn from them in the light most favorable to Merkl, we conclude that the district court properly dismissed the claims against the County District Court, the Minnesota Court of Appeals, and the Minnesota Supreme Court pursuant to the Eleventh Amendment. See Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R., 270 F.3d 637, 638 (8th Cir. 2001) (per curiam) (review standard); Harris v. Mo. Court of Appeals, 787 F.2d 427, 429 (8th Cir. 1986) (state courts are not vulnerable to § 1983 suits because they are protected by state immunity under Eleventh Amendment).

We disagree with the district court that the remaining claims were barred pursuant to the Rooker-Feldman[1] doctrine, because Merkl presented federal claims independent from those that he had previously presented in state court, and he was not merely seeking review and rejection of the state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (if federal plaintiff presents independent claim, albeit one that denies legal conclusion that state court has reached in case to which plaintiff was party, then there is jurisdiction and state law determines whether defendant prevails under principles of preclusion); Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1157 (8th Cir.) (district court is not deprived of jurisdiction over every case where plaintiff seeks different result from that obtained in state court; Rooker-Feldman doctrine is implicated where losing party in state court action subsequently complains about judgment and seeks review and rejection of it), cert. denied, 128 S. Ct. 495 (2007).

_____

[1]D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

However, we hold that all of Merkl's claims based on the search for property to satisfy the initial judgment in state court, the validity of the sheriff's sale, and the passage of title to his property following the redemption period, are barred by the doctrine of collateral estoppel. See Willems v. Comm'r of Public Safety, 333 N.W.2d 619, 621 (Minn. 1983) (listing factors determining whether collateral estoppel applies). The remainder of the claims failed to state a legal basis upon which relief could be granted. See Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm district court's dismissal on any basis supported by record); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be construed liberally, but must allege sufficient facts to support claims advanced).

Finally, we conclude that the district court did not abuse its discretion in denying Merkl's request for default judgment. See Fed. R. Civ. P. 55(a), (b)(2); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

Accordingly, the judgment is affirmed.

_____